1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAGRAJ SINGH,                          No. 1:25-cv-01825-DJC-CKD

12                  Petitioner,

13   v.                                      ORDER

14   MINGA WOFFORD, et al.,

15

16                  Respondents.

17

18          Petitioner Jagraj Singh, a 21-year-old Indian citizen, entered the United States

19   without authorization on July 31, 2023.  He was briefly detained upon entry, issued a

20   Notice to Appear, and thereafter released.  He was re-detained by immigration

21   officials on November 16, 2025.  Petitioner now moves for a Petition of Habeas

22   Corpus and Temporary Restraining Order.  For the following reasons, the Court grants

23   Petitioner's Motion for Temporary Restraining Order.

24                                    **BACKGROUND**

25          Petitioner Jagraj Singh is a 21-year-old Sikh man from India.  (Pet. (ECF No. 1)

26   ¶ 1; TRO (ECF No. 2) at 10.)  He entered the United States on July 31, 2023, at

27   Lukeville, Arizona.  (Not. to Appear (ECF No. 2-8).)  After a six-day detention, he

28   received a Notice to Appear and was released.  (TRO at 10.)  Petitioner alleges he fled

                                             1

political and religious persecution in India.  (TRO at 7.)  Petitioner represents he filed an application for asylum on November 8, 2023.  (Pet. ¶ 1.)  He has lived with his cousin, Nakshatra Singh, since his arrival in the United States.  (Special Immigrant Juvenile Findings (ECF No. 2-1) at 1, Exh. B.)  Nakshatra Singh has sole custody of Petitioner as his guardian under state law because Petitioner was abandoned by his parents in India.  (*Id.* at 2; *see also* Order Appointing Guardian (ECF No. 2-1) at 2, Exh. B.)  The state court further found that it was not in Petitioner's best interest to be removed from the United States and returned to his country of origin under California Family Code section 3011.  (Special Immigrant Juvenile Findings at 2.)  Thereafter, Petitioner filed a Form I-360 Special Immigrant Juvenile petition, which was approved. (Not. of Action (ECF No. 2-1), Exh. A.)  On September 19, 2025, Petitioner signed an Alternatives to Enrollment ("ATD") form.  (ATD (ECF No. 2-2) Exh. B.)  Petitioner has no criminal history.  (Pet. ¶ 8.)

Petitioner was re-detained by immigration authorities on November 16, 2025. (Pet. ¶ 7.)  He is currently being held at the Mesa Verde Detention Center.  (*Id.*)  On December 11, 2025, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order.  The Motion is fully briefed.  (Opp'n (ECF No. 6); Reply (ECF No. 7).)

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips

1    sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends*

2    *of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks

3    and citations omitted).

4                                              **DISCUSSION**

5            The Court's prior orders are dispositive on the issues raised in the Petition and

6    Motion.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D.

7    Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059

8    (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL

9    3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD,

10   2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-

11   JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those

12   cases, Petitioner has established that he has a likelihood of success on the merits.

13   Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*,

14   533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v.*

15   *Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior

16   orders, the Court finds that Petitioner has a substantial private interest in maintaining

17   his out-of-custody status, the risk of erroneous deprivation here is considerable, and

18   Respondents' interest in detention is low as the effort and costs required to provide

19   Petitioner with procedural safeguards are minimal.  Nor has the Government provided

20   any argument or evidence that changed circumstances, such as violations of

21   conditional parole, necessitated Petitioner's re-detention.

22           Petitioner has also established irreparable harm based on the deprivation of

23   constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d

24   990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir.

25   2017).  The balance of the equities and public interest are merged as the Government

26   is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See*

27   *Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The

28   government also cannot reasonably assert that it is harmed in any legally cognizable

                                                  3

1    sense by being enjoined from constitutional violations." (internal citations and

2    quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal.

3    2025) ("[T]he public has a strong interest in upholding procedural protections against

4    unlawful detention, and the Ninth Circuit has recognized that the costs to the public of

5    immigration detention are staggering.").

6         Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY

7    ORDERED that:

8         1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is

9            GRANTED.

10        2. Respondents are ordered to immediately release Petitioner Jagraj Singh

11           from their custody.  Respondents shall not impose any additional restrictions

12           on him, unless that is determined to be necessary at a future pre-

13           deprivation/custody hearing.

14        3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-

15           detaining Petitioner absent compliance with constitutional protections,

16           which include, at a minimum, pre-deprivation notice describing the change

17           of circumstances necessitating his arrest and detention, and a timely

18           hearing.  At any such hearing, the Government shall bear the burden of

19           establishing, by clear and convincing evidence, that Petitioner poses a

20           danger to the community or a risk of flight, and Petitioner shall be allowed

21           to have his counsel present.

22        Respondents are ORDERED TO SHOW CAUSE on or before December 24,

23   2025, as to why this Court should not issue a preliminary injunction on the same terms

24   as this Order.  The Respondents' failure to respond to the Order to Show Cause shall

25   be construed as its non-opposition to the Court granting a Preliminary Injunction on

26   the same terms and conditions imposed in this Order. See L.R. 230(c).  On or before

27   December 29, 2025, Petitioner may file a Reply, if any.  The Preliminary Injunction is

28

not currently set for a hearing, but the Court may subsequently order one if it determines a hearing is necessary.

IT IS SO ORDERED.

Dated:   **December 18, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–Singh.25cv1825.TRO